**NOT FOR PUBLICATION**

```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

|  |  |
|---|---|
| EQUIPMENTFACTS, LLC, | CIVIL ACTION NO. 11-4582 (MLC) |
| Plaintiff, | **MEMORANDUM OPINION** |
| v. |  |
| YODER & FREY AUCTIONEERS, INC., et al., |  |
| Defendants. |  |

**COOPER, District Judge**

The plaintiff, Equipmentfacts, LLC ("Equipmentfacts"), originally brought this action (the "New Jersey Action") in New Jersey Superior Court, Hunterdon County, against the defendants, Yoder & Frey Auctioneers, Inc. ("Yoder"), RealTimeBid.com, LLC ("RTB"), and Justin Clark, Peter Clark, John Sokolowski, Sr., and Dante Pletcher ("Individual Defendants" and collectively with Yoder and RTB, "Defendants"), asserting claims for (1) trade libel, (2) defamation, and (3) tortious interference with prospective economic advantage. (Dkt. entry no. 1, Rmv. Not., Ex. A, Compl. at 8-9.)  Defendants removed the action to federal court, alleging subject matter jurisdiction pursuant to 28 U.S.C. § ("Section") 1332.  (Rmv. Not. at 2-3.)  Defendants now move to dismiss the Complaint in favor of an earlier-filed action brought by Yoder and RTB against Equipmentfacts in the United States District Court for the Northern District of Ohio (the "Ohio

Action").[1]  (Dkt. entry no. 7, Mot. Dismiss & Defs. Br. at 2.) In the alternative, Defendants seek to transfer the New Jersey Action to the Northern District of Ohio for consolidation with the Ohio Action.  (Id.)  In the event that the Complaint in the New Jersey Action is not dismissed or the New Jersey Action is not transferred to the Northern District of Ohio, Defendants move to dismiss the Complaint insofar as it is asserted against Individual Defendants for lack of personal jurisdiction.  (Id.) The plaintiff opposes the motion. (Dkt. entry no. 9, Pl. Br.) The Court determines the motion on the briefs without an oral hearing, pursuant to Local Civil Rule 78.1(b).  For the reasons stated herein, the Court will grant the part of the motion seeking to transfer venue.

## BACKGROUND

### I.   The Parties

Equipmentfacts, Yoder, and RTB are all involved in the business of online auctions for heavy equipment and trucks. (Compl. at ¶¶ 1-3.)  Equipmentfacts is a New Jersey limited liability company with its principal place of business in New Jersey.  (Id. at ¶ 8.)  It provides online bidding services for auctioneers, and facilitates bringing additional bidders to an

---

[1] Yoder & Frey Auctioneers, Inc. v. EquipmentFacts, LLC, No. 10-1590 (DAK) (N.D. Ohio filed July 19, 2010).  Equipmentfacts was added as a defendant in the Ohio Action upon the filing of an Amended Complaint on November 16, 2010.  Id., dkt. entry no. 17, Am. Compl. ("Ohio Action Am. Compl.").

auction via the internet.  (Id. at ¶¶ 16-18.)  Yoder is an Ohio corporation with its principal place of business in Ohio.  (Id. at ¶ 9.)  Equipmentfacts alleges that Yoder is a former auction company customer of Equipmentfacts which, until January 17, 2008, used Equipmentfacts' online bidding services for its auctions.  (Id.)

RTB is an Ohio limited liability company with its principal place of business in Ohio.  (Id. at ¶ 10.)  RTB apparently provides the same type of online auction services offered by Equipmentfacts.  (Id.)  Defendants Justin Clark and Peter Clark are alleged to be citizens of Ohio and principals of Yoder and/or RTB.  (Id. at ¶¶ 11-12.)  Defendant Sokolowski is alleged to be a citizen of Texas and a representative of Yoder and/or RTB.  (Id. at ¶ 13.)  Defendant Pletcher is alleged to be a citizen of Ohio and also a representative of Yoder and/or RTB.  (Id. at ¶ 14.)

**II.  Ohio Action**

Yoder and RTB brought the Ohio Action to seek redress for an incident that took place during a large annual auction of heavy construction equipment in Osceola County, Florida ("Florida Auction") in 2010.  See Ohio Action Am. Compl. at ¶¶ 13-14.  Yoder had hired RTB to "broadcast" the auction over the internet and conduct and administer the online bidding process.  Id. at ¶ 19.  Yoder and RTB allege that prior to and during the 2010 Florida Auction, Equipmentfacts, without authorization, accessed

their online bidding system in order to (1) post untrue, negative, and defamatory statements on a chat board maintained as part of the online bidding system, and (2) submit false bids on eighteen items with a combined purchase price of $1,171,074.00, which Equipmentfacts failed to pay for despite being the high bidder.  Id. at ¶¶ 22-26.  Yoder and RTB assert four causes of action against Equipmentfacts in the Ohio Action arising out of its alleged conduct at the 2010 Florida Auction:  (1) violation of the Computer Fraud and Abuse Act, 18 U.S.C. § 1030; (2) common law fraud; (3) common law trespass to chattels; and (4) breach of contract.  Id. at ¶¶ 30-50.

 Equipmentfacts filed its Answer and Counterclaims to the Amended Complaint on July 22, 2011, in which it asserts causes of action for (1) trade libel, (2) defamation, and (3) tortious interference with business relations and prospective economic advantage.  See Ohio Action, dkt. entry no. 41, Answer & Countercl. at ¶¶ 42-59.  Equipmentfacts' Counterclaims are based on allegations that the counterclaim defendants (each of whom is a named Defendant in the New Jersey Action), during the 2011 Florida Auction, "made false and defamatory statements to Equipmentfacts customers, potential customers, auctioneers and other industry participants" regarding Equipmentfacts' conduct during the previous year's Florida Auction, specifically, that Equipmentfacts (1) committed computer fraud by unlawfully

4

accessing Yoder and RTB's online auctions during the 2010 Florida Auction, and (2) submitted false bids during the 2010 Florida Auction and failed to make payments.  Id. at ¶¶ 30-33.

**III. New Jersey Action**

Equipmentfacts brought the New Jersey Action in state court on July 7, 2011.  (Rmv. Not.; Compl.)  Defendants removed the action to this Court on August 4, 2011.  (Id.)  As noted previously, Equipmentfacts asserts claims for trade libel, defamation, and tortious interference against Defendants.  The causes of action and factual bases for claims asserted in the New Jersey Action are substantially the same as the Counterclaims asserted in the Ohio Action, and the counterclaim defendants in the Ohio Action are all named defendants in the New Jersey Action.

DISCUSSION

**I.    Current Motion**

Defendants seek dismissal of the Complaint in the New Jersey Action in favor of the earlier-filed Ohio Action, pursuant to the "first-filed rule."  (Defs. Br. at 7.)  In the alternative, Defendants argue that the New Jersey Action should be transferred to the Northern District of Ohio for consolidation with the Ohio Action.  (Id. at 9.)  Defendants further argue that the Complaint insofar as it is asserted against the Individual Defendants must be dismissed for lack of personal jurisdiction, pursuant to

Federal Rule of Civil Procedure ("Rule") 12(b)(2), insofar as each of them lack minimum contacts with New Jersey. (Id. at 11-12.)

Equipmentfacts argues that the first-filed rule does not apply, because it brought the New Jersey Action before filing the Counterclaims in the Ohio Action. (Pl. Br. at 4.) Equipmentfacts explains that it only filed the Counterclaims in the Ohio Action "out of an abundance of caution given the disagreements among the Circuits as to whether a defamation claim arising out of an existing lawsuit is a compulsory counterclaim" under Rule 13(a). (Id.) Equipmentfacts argues that its claims for trade libel, defamation, and tortious interference should not be deemed compulsory counterclaims in the Ohio Action, and it should be permitted to elect whether to proceed on those claims in Ohio or New Jersey. (Id. at 4, 11-13.) With respect to the part of the motion seeking transfer of the New Jersey Action to the Northern District of Ohio, Equipmentfacts contends that Defendants have not carried their burden of demonstrating that transfer is appropriate. (Id. at 14.)

**II.  First-Filed Rule**

The United States Court of Appeals for the Third Circuit has adopted the "first-filed rule," which provides that "in all cases of federal concurrent jurisdiction, the court which first has possession of the subject matter must decide it." EEOC v. Univ.

6

of Pa., 850 F.2d 969, 971 (3d Cir. 1988) (citation omitted). The first-filed rule is intended to "encourage[] sound judicial administration and promote[] comity among federal courts of equal rank." Id.

We find that the resolution of the question of the applicability of first-filed rule is unnecessary in the context of the current motion. The parties do not dispute that if Equipmentfacts' claims raised in the New Jersey Action are compulsory counterclaims in the Ohio Action, the first-filed rule would compel that the Court dismiss, stay, or transfer the New Jersey Action. (Pl. Br. at 4-5, 13-14.)[2] However, because the Court finds an alternate basis for transfer of the New Jersey Action pursuant to Section 1404(a), we decline to rule definitively on the issue.

### III. Transfer of Venue Pursuant to Section 1404(a)

A court may transfer an action pursuant to Section 1404(a) regardless of whether the transferring court has personal jurisdiction over the defendant. See Goldlawr, Inc. v. Heiman, 369 U.S. 463, 466-67 (1962). While the "question of personal

---

[2] We reject the notion, as articulated by Defendants, that simply because the Ohio Action was instituted first, the first-filed rule applies; this argument ignores the fact that the filing of the Complaint in the New Jersey Action preceded Equipmentfacts' filing its Answer and Counterclaims in the Ohio Action. (Defs. Br. at 8.) In other words, the Ohio Action is only "first-filed" for purposes of that rule if Equipmentfacts' Counterclaims in that action are in fact compulsory.

jurisdiction, which goes to the court's power to exercise control over the parties, is typically decided in advance of venue, . . . a court may reverse the normal order of considering personal jurisdiction and venue" when justification exists to address the venue issue first.  Leroy v. Great W. United Corp., 443 U.S. 173, 180 (1979).  Where a defendant simultaneously moves for a transfer of venue and challenges the Court's personal jurisdiction, "the interests of judicial economy are best served by initial address of the transfer issue."  Dworin v. Deutsch, No. 06-1571, 2006 WL 3095945, at *2 (D.N.J. Oct. 30, 2006). Accordingly, the Court addresses the venue issue first, and because we determine that Defendants have shown that a transfer of venue is appropriate under Section 1404(a), we do not reach the question of whether the Individual Defendants are subject to the exercise of personal jurisdiction of this Court.

    **A.**    **Legal Standard**

Section 1404 provides for the transfer of an action to a more convenient forum.  28 U.S.C. § 1404(a).  Pursuant to Section 1404, "a district court may transfer any civil action to any other district or division where it might have been brought." Id.  A court may do so only if the transfer is "in the interest of justice" and "[f]or the convenience of parties."  Id. Transfer is appropriate only when the proposed venue is one in which the action might originally have been brought.  Id.  Thus,

the Court must make an initial determination that the proposed forum is appropriate.  <u>Zapf v. Bamber</u>, No. 04-3823, 2005 U.S. Dist. LEXIS 36379, at *3 (D.N.J. Aug. 26, 2005).

Section 1391 provides the guidelines for determining where venue is appropriate.  <u>See</u> 28 U.S.C. § 1391(a).  Under Section 1391, venue is proper "in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district where a substantial part of the events or omissions giving rise to the claim occurred . . . , or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought."  <u>Id.</u>  A defendant that is a corporation is "deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced."  <u>Id.</u> § 1391(c).

If the proposed alternative forum is appropriate, it is then within the Court's discretion to transfer the action.  <u>Jumara v. State Farm Ins. Co.</u>, 55 F.3d 873, 883 (3d Cir. 1995).  The party seeking to transfer venue bears the burden of demonstrating that transfer is appropriate.  <u>Yocham v. Novartis Pharms. Corp.</u>, 565 F.Supp.2d 554, 557 (D.N.J. 2008).

Courts balance private and public interests when deciding whether to transfer venue under Section 1404(a).  <u>Jumara</u>, 55 F.3d at 879.  Private interests include a plaintiff's choice of forum,

a defendant's preference, whether the claim arose elsewhere, convenience of the parties as indicated by their physical and financial condition, convenience of the witnesses to the extent that they may be unavailable in one forum, and the location of books and records to the extent that they could not be produced in alternative fora.  Id.; Yocham, 565 F.Supp.2d at 557.

Public interests in the Section 1404(a) analysis include enforceability of a judgment; practical considerations that could make the trial easy, expeditious, or inexpensive; relative administrative difficulty in the two fora resulting from court congestion; the local interest in deciding a local controversy; public policies of the fora; and familiarity of the district court with applicable state law.  Jumara, 55 F.3d at 879-80; Yocham, 565 F.Supp.2d at 557.

    **B.    Application of the Legal Standard**

        **1.    Propriety of Proposed Venue**

The Court must first determine whether the proposed venue is an appropriate forum for the New Jersey Action.  28 U.S.C. § 1391(a).  We find that insofar as all but one of the defendants appear to be citizens of Ohio, Sokolowski being a citizen of Texas, Section 1391(a)(1) does not apply, because all defendants do not reside in the same state.[3]  As to whether a "substantial

---

[3] It appears that defendant Justin Clark may reside in Michigan.  (Dkt. entry no. 9, Martin Decl. at ¶ 12 (stating that Yoder and RTB admitted that Justin Clark resides in Michigan in

part of the events or omissions giving rise to the claim occurred" in the Northern District of Ohio, we observe that the Complaint in the New Jersey Action indicates that a substantial part of the events or omissions giving rise to the claim occurred in Florida during the 2011 Florida Auction, not the Northern District of Ohio.  (See, e.g., Compl. at ¶ 26 ("Each of the Defendants were present for the Kissimmee [Florida] Auction and participated in it."); id. at ¶ 30 ("Defendants held a meeting for the staff of the Kissimmee [Florida] Auction during which the Clarks told nearly 50 people in attendance that Equipmentfacts had engaged in criminal conduct by stealing a password, accessing Yoder and RTB's computer system unlawfully, and bidding on a million-and-a-half dollars worth of equipment, but failing to make payment for it."); id. at ¶¶ 32-37, 40, 45 (alleging further details about meetings in Florida in which Defendants allegedly made defamatory oral and written statements with the purpose of damaging Equipmentfacts' relationships with its clients).)  Thus, Section 1391(a)(2) does not lay venue in the Northern District of Ohio.

We find, however, that venue in the Northern District of Ohio is appropriate under Section 1391(a)(3), "a judicial district in which any defendant is subject to personal

---

their answer to Equipmentfacts' Counterclaims in the Ohio Action).)  This discrepancy with the pleadings in the New Jersey Action does not alter the Court's analysis.

jurisdiction at the time the action is commenced." Yoder, an Ohio corporation with its principal place of business in Holland, Ohio, is undisputedly subject to personal jurisdiction in the Northern District of Ohio. See 28 U.S.C. § 1391(a)(3), (c).[4]

### 2. Convenience of Proposed Venue

Defendants still must demonstrate that the Northern District of Ohio is the more convenient forum. See Yocham, 565 F.Supp.2d at 557. Defendants assert that the relevant Jumara factors make transfer appropriate. (Defs. Br. at 9-10.) Equipmentfacts responds that transfer pursuant to Section 1404 "should not be used simply to shift the burden of the lawsuit from one party to another." (Pl. Br. at 14.)

The Court, in its broad discretion under Section 1404, finds that transfer is appropriate in this case. Defendants have met their burden of showing that the public and private factors favor transfer to the Northern District of Ohio.

#### a. Private Factors

##### i. Parties' Choice of Venue and Where Claims Arose

Equipmentfacts' choice of venue is the District of New Jersey, where it is located and does business. (Pl. Br. at 14.) For similar reasons, Defendants' choice of venue is the Northern

---

[4] The Court takes judicial notice that Holland, Ohio, is in Lucas County, which is within the jurisdiction of the Northern District of Ohio.

12

District of Ohio, where Yoder and RTB are located and do business, three out of the four Individual Defendants are alleged to be domiciled, and a factually related matter is already pending.  (Defs. Br. at 9-10.)

We observe that "a plaintiff's choice of a proper forum. . . should not be lightly disturbed," particularly where the plaintiff has chosen its home forum.  Shutte v. Armco Steel Corp., 431 F.2d 22, 25 (3d Cir. 1970); Hoffer v. InfoSpace.com, Inc., 102 F.Supp.2d 556, 573 (D.N.J. 2000).  However, a plaintiff's choice is not dispositive, and it is entitled to less deference "when the central facts of a lawsuit occur outside of the chosen forum."  Nat'l Prop. Investors VIII v. Shell Oil Co., 917 F.Supp. 324, 327 (D.N.J. 1995).  We find Equipmentfacts' choice of forum less compelling in light of the fact that all of the alleged tortious conduct occurred outside of New Jersey.  See supra at p. 11.

### ii.  Convenience of the Parties and Witnesses

Defendants allege that "all of the parties are located in Ohio except for Equipmentfacts," and "[t]he location of potential witnesses and other discovery is primarily in Ohio, where the offices and employees of Defendants Yoder and RTB are located."  (Defs. Br. at 10.)  Equipmentfacts counters that New Jersey is more convenient for it to litigate its defamation claims, insofar as it "is headquartered in this District, its principal and

13

employees who will be witnesses in this case reside here, [and] its books and records relating to its damages are located here." (Pl. Br. at 15.)

The Court finds that although it might be inconvenient for Equipmentfacts to appear in the Northern District of Ohio, "the fact that the first-filed case already requires it to do so mitigates that concern." See Peele v. St. Gregory Ctrs., Inc., No. 11-1749, 2011 WL 3163255, at *2 (D.N.J. July 26, 2011). The issue of the parties' relative physical and financial conditions is mooted by Equipmentfacts' obligation to defend itself in the Ohio Action. Id. The same can be said with respect to the convenience of witnesses and the location of books and records, and Equipmentfacts does not suggest that its books and records on which it intends to rely would be unavailable in the Northern District of Ohio. Equipmentfacts does, however, identify one potential witness residing in Connecticut who would be subject to the subpoena power of this Court under Rule 45, but not so subject in the Northern District of Ohio. (Pl. Br. at 16-17.) Overall, it appears that the convenience of the witnesses favors the Northern District of Ohio, considering Equipmentfacts' claims regarding Defendants' alleged conduct during the 2011 Florida Auction.

### b. Public Factors

The alleged conduct giving rise to the New Jersey Action occurred in Florida, and related litigation is already pending in the Northern District of Ohio. Accordingly, New Jersey has less of an interest in resolving a "local controvers[y] at home," even taking into account Equipmentfacts' contention that the alleged tortious conduct is felt by it in New Jersey, where it is headquartered. (Pl. Br. at 15.) See Jumara, 55 F.3d at 879.

We also find that considerations of judicial economy strongly outweigh New Jersey's interest in providing a forum for its residents to vindicate their rights. As Defendants point out, the parties have already submitted to the exercise of personal jurisdiction in the Northern District of Ohio, whereas it is unclear at this juncture whether this Court could exercise personal jurisdiction over the Individual Defendants. (Defs. Br. at 10.) As to practical considerations that could make the trial easy, expeditious, or inexpensive, we find that transfer to the Northern District of Ohio and the potential consolidation of the New Jersey Action with the Ohio Action would be more efficient than litigating the actions separately in different fora, given the factual overlap between the two actions. See Peele, 2011 WL 3163255, at *3 ("Any trial that may be had on the instant case will be easier, more efficient and less expensive in a single forum rather than forcing both parties to defend in both

15

states."); <u>Lawrence v. Xerox Corp.</u>, 56 F.Supp.2d 442, 453 (D.N.J. 1999) ("Where related lawsuits exist, it is in the interests of justice to permit suits involving the same parties and issues to proceed before one court and not simultaneously before two tribunals.") (citations and internal quotations omitted).[5]

    The parties take no position on whether considerations of court congestion or relative administrative difficulties should have any bearing on the motion.  It does not appear that a judgment would be unenforceable in either proposed venue.  Nor do the parties address the issue of the relative familiarity of the trial judge with the applicable state law that may apply.  We presume that a federal judge sitting in either New Jersey or the Northern District of Ohio would be equally adept at applying any applicable state law.  These public factors weigh neither in favor of nor against transfer.

    We conclude that the public factors, like the private factors discussed previously, weigh overall in favor of transfer.  Considerations of efficiency and judicial economy, in particular, weigh strongly in favor of transfer.

---

[5] The Court will not order that the New Jersey Action be consolidated with the Ohio Action.  That decision will be left to the discretion of the Clerk of the Court for the Northern District of Ohio and/or the judge presiding over the Ohio Action.

**CONCLUSION**

The Court, for the reasons stated <u>supra</u>, will grant the motion to the extent it seeks transfer to the Northern District of Ohio and deny without prejudice the motion to the extent it seeks dismissal pursuant to the "first-filed rule" or for lack of personal jurisdiction.  The Court will issue an appropriate order.

                                            s/ Mary L. Cooper  
                                            **MARY L. COOPER**  
                                            United States District Judge

Dated:    October 24, 2011